ALLEN H. LAMBERTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SUDA J. LAMBERTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 95305, 95306. Promulgated July 31, 1940.

*Joseph D. Brady, Esq.*, and *Ray J. Coleman, Esq.*, for the petitioners.

*E. A. Tonjes, Esq.*, for the respondent.

440

442

OPINION.

KERN: The basic question to be decided by us in these proceedings is whether the dividend declared by Interstate Cotton Industries, Inc., by the resolution of its board of directors of July 19, 1930, and paid pursuant thereto by the distribution to petitioners of the company's preferred stock, is to be considered by us as a stock dividend or as a cash dividend.

If it was a stock dividend, then the basis for determining gain or loss would be zero and all of the proceeds derived by petitioners from their disposition of the stock in the taxable year would be taxable to them under the rule of *Helvering* v. *Gowran*, 302 U. S. 238.

Pursuant to respondent's later determination, set out in his amended answer, the proceeds would be taxable as a capital gain.

If, as petitioners contend, the transaction should be considered as a constructive receipt by them of cash as a dividend and then a reinvestment of such cash in the stock acquired, then it must be treated as a cash dividend, taxable in the year in which received, and the basis of the stock for determining gain or loss would be the amount of cash constructively received and reinvested in the stock. In support of this contention, petitioners cite *L. Elmer Wood et al., Administrators*, 29 B. T. A. 735; *Joseph Paper*, 29 B. T. A. 523; *J. E. Brading*, 17 B. T. A. 436; *Commissioners of Inland Revenue* v. *Coke*, 2 K. B. 246; 11 Tax Cases, 181; *Harry Makransky*, 35 B. T. A. 395; *W. J. Hunt*, 5 B. T. A. 356; *Eugene E. Paul*, 2 B. T. A. 150; *Luthe Hardware Co.*, 6 B. T. A. 53; and *Vogt Machine Co.* v. *United States*, 39 Fed. (2d) 986.

We do not consider any of the cases cited by petitioners to be applicable to the facts present in the instant proceedings. In most of them there was the declaration of a cash dividend with an unlimited option to the stockholders to take either cash or stock. In some there was an actual credit entered in the books of the corporation to the accounts of stockholders in amounts later used for the purchase of stock. It is unnecessary to set out the facts involved in each of these cases; it is sufficient to say that in none of them was there a declaration of a stock dividend with a proviso that if a stockholder gave appropriate notice some days prior to the date set for the distribution of the dividend he might then and on condition of making such election be entitled to cash in lieu of stock, as was, in effect, provided by the resolution of the board of directors of the corporation in the instant proceedings dated July 19, 1930, which is set out in full in our findings. Petitioners did not give notice pursuant to paragraph three of the resolution by July 21 that they elected to receive dividends in cash. After that date they were, therefore, entitled only to a stock dividend, and on July 31 stock was distributed to them pursuant to the second paragraph of the resolution, which provided for a stock dividend.

Until and unless petitioners made an election on or before July 21 to receive cash, they were only entitled by the terms of the resolution of July 19 to receive a stock dividend on July 31. They made no such election. Therefore, on July 31, when the dividend was to be distributed, they could receive only a stock dividend and this they did receive.

Therefore, we conclude that the dividend was not taxable to petitioners in 1930, *Koshland* v. *Helvering*, 298 U. S. 441; and, further, that the proceeds from the disposition in 1933 of the stock received

by them as dividends in 1930 were taxable to petitioners under the authority of *Helvering* v. *Gowran, supra.*

We also conclude under the authority of the latter case that the basis of the stock in the hands of petitioners for determining gain or loss upon its disposition was zero. It follows that all of the proceeds derived by petitioners from its disposition are taxable as capital gain.

Petitioners urge that if we hold, as we have held, on this basic issue, then we must necessarily question the constitutionality of section 115 (f) (2) of the Revenue Act of 1936. With this contention we do not agree. However, the question of the constitutionality of that section is not before us in these proceedings.

It is not necessary for us to consider the issue of estoppel raised by respondent.

*Decision will be entered under Rule 50.*